An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CHARTERED DEVELOPMENT CORPORATION, A NEVADA CORPORATION; AND PECOS-ALEXANDER, LLC, A NEVADA LIMITED LIABILITY COMPANY, Petitioners, vs. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE TIMOTHY C. WILLIAMS, DISTRICT JUDGE, Respondents, and COTTONWOOD ON ALEXANDER HOMEOWNERS ASSOCIATION, A NEVADA NON-PROFIT CORPORATION, Real Party in Interest. | No. 57614 FILED MAR 18 2013 TRACIE K. LINDEMAN CLERK OF SUPREME COURT BY_____ DEPUTY CLERK |

## ORDER GRANTING IN PART PETITION FOR WRIT OF MANDAMUS

This is an original petition for a writ of mandamus challenging a district court order determining that a homeowners' association had satisfied NRCP 23's class action prerequisites and could therefore represent its members in a construction defect lawsuit.

Real party in interest Cottonwood on Alexander Homeowners Association sought to litigate, on behalf of its members, various alleged construction defects affecting its members' duplexes. As such, it filed a motion for declaratory relief with the district court in which it argued that it had satisfied NRCP 23's class action requirements. Petitioners Chartered Development Corporation and Pecos-Alexander, LLC opposed the motion. Over their opposition, the district court granted Cottonwood's

13-08041

motion in a September 2010 order in which it ruled that Cottonwood had satisfied NRCP 23's class action prerequisites and could therefore litigate the alleged defects on behalf of its members.

Petitioners then filed this petition for a writ of mandamus, contending that the district court failed to undertake a thorough NRCP 23 analysis and that, had the district court done so, it would have concluded that Cottonwood did not satisfy NRCP 23's class action prerequisites. In their writ petition, petitioners ask this court to direct the district court to vacate its September 2010 order.[1]

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station . . . ." International Game Tech. v. Dist. Ct., 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); see also NRS 34.160. Here, we conclude that partial relief is warranted, as the district court's order demonstrates that it did not conduct a thorough NRCP 23 analysis. See D.R. Horton v. Dist. Ct. (First Light II), 125 Nev. 449, 459, 215 P.3d 697, 704 (2009) ("[W]here a homeowners' association brings suit on behalf of its members, a developer may . . . challenge whether the associations' claims are subject to class certification. In doing so, the district court must conduct and document a thorough NRCP 23 analysis." (emphasis added)). For instance, the district court determined that NRCP 23's numerosity requirement had been met because more than one homeowner was alleging defects. Similarly, the district court determined that common

---

[1]Alternatively, petitioners ask that we order the district court to (1) deny Cottonwood's motion for declaratory relief, (2) order the joinder of all Cottonwood's individual members, or (3) prohibit the action from proceeding as a representative action under NRS 116.3102(1)(d).

issues of fact predominated because all of the alleged defects existed in the duplexes' building envelopes.

This NRCP 23 analysis falls short of what is required by law. See id. ("[A] shared experience alone does not satisfy the threshold requirements under NRCP 23. Instead, the court must determine, among other issues, which units have experienced constructional defects, the types of alleged defects, the various theories of liability, and the damages necessary to compensate individual unit owners." (citation omitted)); see also Beazer Homes Holding Corp. v. Dist. Ct., 128 Nev. ___, ___, 291 P.3d 128, 136 (2012) ("[U]pon a motion to proceed as a class action, the district court must 'thoroughly analyze NRCP 23's requirements and document its findings.'" (quoting First Light II, 125 Nev. at 459, 215 P.3d at 704)). Accordingly, we grant the writ petition in part and direct the clerk of this court to issue a writ of mandamus instructing the district court to vacate its September 2010 order and to conduct a proper NRCP 23 analysis.[2] Afterward, the district court shall administer the underlying litigation consistent with our recent opinion in Beazer Homes.

It is so ORDERED.[3]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

---

[2]We decline to grant petitioners' alternative requests for writ relief.

[3]We lift the stay of district court proceedings imposed by our April 7, 2011, order.

cc: Hon. Timothy C. Williams, District Judge
Lee, Hernandez, Landrum, Garofalo & Blake, APC
Feinberg Grant Mayfield Kaneda & Litt, LLP
Eighth District Court Clerk